Argued April 22, affirmed May 6, 1971

## STATE OF OREGON, *Respondent, v.*
## GARY K. KNUTSON (C-56025), *Appellant.*

484 P2d 875

*George V. Des Brisay,* Portland, argued the cause for appellant. With him on the brief were Franklin, Bennett, Des Brisay & Jolles, Portland.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

Defendant was convicted of assault and robbery while armed with a dangerous weapon. He appeals on the ground that his pretrial motion to suppress evidence taken from the automobile in which he was traveling at the time of arrest should have been allowed.

The defendant does not contend that the police did not have probable cause to arrest him for the crime for which he was convicted, nor does he contend that the police did not have the right to search the automobile incident to the arrest. His contention seems to be that in this instance the evidence was taken from a glove compartment which had to be pried open because no key was available.[1] There is no contention that the automobile was damaged in the process and in any event this is not an action for damages.

We can conceive of no reason why the right to search an automobile without a warrant at the time of arrest[2] should be conditioned upon using a key rather than a finger or some other object to open a glove compartment.

Affirmed.

---

[1] The police were able to open the glove compartment door with a finger because the door had previously been sprung.

[2] Chambers v. Maroney, 399 US 42, 90 S Ct 1975, 26 L Ed2d 419 (1970); State v. McCoy, 249 Or 160, 437 P2d 734 (1968); State v. Diaz, 3 Or App 498, 473 P2d 675, Sup Ct *review denied* (1970); State v. Keith, 2 Or App 133, 465 P2d 724, Sup Ct *review denied* (1970).